Search for Cases by: Select Search Method... 

Judicial Links | eFiling | Help | Contact Us | Print                                    Logon

**17SL-CC00153 - PATRICIA KOWALSKI V ALLIANCE ONE RECEIVABLES MANAG (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

Sort Date Entries: ● Descending ○ Ascending       Display Options: All Entries

| | |
|---|---|
| 01/30/2017 | **Agent Served**<br>Document ID - 17-SMCC-296; Served To - ALLIANCE ONE RECEIVABLES MANAGEMENT, INC.; Server - ; Served Date - 23-JAN-17; Served Time - 15:20:00; Service Type - Special Process Server; Reason Description - Served |
| 01/26/2017 | **Notice of Service**<br>Summons and Affidavit of Service.<br>    **Filed By:** BRYAN ETHAN BRODY<br>    **On Behalf Of:** PATRICIA KOWALSKI |
| 01/12/2017 | **Summons Issued-Circuit**<br>Document ID: 17-SMCC-296, for ALLIANCE ONE RECEIVABLES MANAGEMENT, INC.. Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service. |
| 01/11/2017 | **Filing Info Sheet eFiling**<br>    **Filed By:** BRYAN ETHAN BRODY<br>**Motion Special Process Server**<br>Special Process Server Request. APPROVED ON 1/12/17<br>    **Filed By:** BRYAN ETHAN BRODY<br>    **On Behalf Of:** PATRICIA KOWALSKI<br>**Pet Filed in Circuit Ct**<br>Petition.<br>**Judge Assigned**<br>DIV 9 |

Case.net Version 5.13.15.1          Return to Top of Page          Released 01/19/2017

**EXHIBIT A**



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>DAVID L VINCENT III | Case Number: 17SL-CC00153 | |
|---|---|---|
| Plaintiff/Petitioner:<br>PATRICIA KOWALSKI<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>BRYAN ETHAN BRODY<br>1 NORTH TAYLOR AVENUE<br>SAINT LOUIS, MO  63108 | |
| Defendant/Respondent:<br>ALLIANCE ONE RECEIVABLES<br>MANAGEMENT, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 | |
| Nature of Suit:<br>CC Contract-Other | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: ALLIANCE ONE RECEIVABLES MANAGEMENT, INC.
     Alias:
C/O C T CORPORATION SYSTEM
120 S. CENTRAL AVE.
CLAYTON, MO  63105

COURT SEAL OF



ST. LOUIS COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
     SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

12-JAN-2017
Date                                                                                   _____ Clerk

Further Information:
AD

### Sheriff's or Server's Return
Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____(title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                         _____
Printed Name of Sheriff or Server                         Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____         _____
                                     Date                                 Notary Public

**Sheriff's Fees, if applicable**
Summons                                    $_____
Non Est                                      $_____
Sheriff's Deputy Salary
Supplemental Surcharge        $    10.00
Mileage                                      $_____ (_____ miles @ $._____ per mile)
Total                                            $_____
A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

17SL-CC00153

IN THE CIRCUIT COURT OF SAINT LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| PATRICIA KOWALSKI, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ALLIANCE ONE RECEIVABLES )<br>MANAGEMENT, INC., )<br>   Serve: )<br>   CT Corporation System )<br>   120 S Central Ave )<br>   Clayton, MO 63105 )<br>)<br>Defendant. ) | Cause No.<br><br>Division No.<br><br><br>**JURY TRIAL DEMANDED** |

## PETITION

COMES NOW Patricia Kowalski, by and through the undersigned, and asserts this cause of action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), against Alliance One Receivables Management, Inc., and in support thereof states to the Court the following:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a natural person, a citizen of Missouri, and resident of St. Louis County.

2. Defendant is a Delaware corporation, registered to do business and in good standing with the State of Missouri.

3. This Court has jurisdiction over the subject matter of this civil suit for damages pursuant to the Missouri Constitution. MO. CONST. Art. V § 14.

4. This Court has statutory authority to hear this case pursuant to 15 U.S.C. § 1692k(d).

5. This Court may exercise personal jurisdiction over this Defendant for the reason that it regularly conducts business within Missouri, and the specific conduct complained of herein occurred within Missouri.

6. Venue is proper in St. Louis County, where Defendant maintains a registered agent, pursuant to § 508.010.2 R.S.Mo.

7. Plaintiff and Defendant never agreed to arbitrate any dispute between them.

## FACTS

8. Defendant's principal business is the collection of consumer debts on behalf of others, and regularly utilizes the mails and other instrumentalities of interstate commerce in the pursuit of that business.

9. Defendant's collection activity consisted of, at a minimum, an initial collection letter and a live telephone conversation with Plaintiff.

10. In the course of Defendant's debt collection business, it sent to Plaintiff an initial collection letter, which it had dated January 12, 2016, demanding payment for an alleged debt Plaintiff owed to CitiBank, N.A. for a Goodyear account (the "Alleged Debt").

11. Plaintiff received this letter within approximately five days of its printed date of January 12, 2016.

12. On January 21, 2016, Plaintiff contacted Defendant by telephone at the number Defendant listed on its letter, and spoke with an employee and/or agent of Defendant who identified herself as Pamela Olsen.

13. At the time of this phone call, Plaintiff's thirty-day period in which to exercise her rights at protected by 15 U.S.C. § 1692g was in full force and effect.

14. During this conversation, Plaintiff asked when the first payment would be due, to which Defendant's employee/agent replied: "We would need something this month—we would need a payment by the 28th of this month," meaning January.

15. In light of the fact that Plaintiff could not afford to make a payment by that discrete deadline, Defendant's employee/agent attempted to create a payment plan, but insisted that "we want to get something [paid] on this arrangement, you know, in January."

16. Plaintiff reiterated that she could not afford to pay any amount in January.

17. Nevertheless, in an effort to secure an immediate payment on the account, Defendant's employee/agent continued to pressure Plaintiff to pay something "this month".

18. Even assuming that Plaintiff received the letter on the very same date Defendant had printed on it, Plaintiff's thirty-day period to assert her dispute and verification rights would have continued until February 12, 2016, at the very earliest.

19. Therefore, the discrete deadline of January 28 imposed upon Plaintiff by the Defendant was well within her dispute and verification period.

20. As an unsophisticated consumer, Plaintiff did not understand that she would have maintained her dispute rights if she made a payment on the debt with a deadline for payment before the expiration of her dispute period.

21. In fact, Plaintiff intended to dispute the Alleged Debt, or a portion thereof, but feared that doing so would cause her to jeopardize other rights, and expose her to possible legal action.

22. Defendant's above-described conduct caused Plaintiff to believe that she could not exercise her dispute rights or that such an exercise would not be honored.

Electronically Filed - St Louis County - January 11, 2017 - 03:28 PM

23. Defendant's representation that Plaintiff needed to make a payment on the debt no later than January 28, 2016, and by the January 2016, thus overshadowed Plaintiff's dispute, validation, and verification rights as provided in 15 U.S.C. § 1692g.

24. Defendant's representations caused Plaintiff to suffer statutory damages under 15 U.S.C. § 1692k in the amount of $1,000.00.

<u>COUNT I: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT</u>

25. Plaintiff realleges each and every preceding paragraph, and incorporates them by this reference as if fully set forth herein.

26. Plaintiff is a "consumer" as that term is defined in the FDCPA.

27. Defendant is a "debt collector" as that term is defined in the FDCPA.

28. The Alleged Debt arises out of consumer, family, and/or household transactions.

29. Defendant attempted to collect the Alleged Debt from Plaintiff.

30. In its attempt to collect the Alleged Debt from Plaintiff, Defendant violated the FDCPA, specifically by: overshadowing Plaintiff's dispute, validation, and verification rights, and otherwise taking actions inconsistent therewith, in violation of 15 U.S.C. § 1692g(b).

31. Plaintiff suffered a concrete injury as a result of Defendant's conduct due to its disregard for and violation of her rights created and guaranteed by federal law, including but not limited to confusing Plaintiff with regard to her rights, and causing Plaintiff to expend precious time and mental energy, and to suffer anxiety, frustration, and worry

32. Defendant's debt collection activities have caused Plaintiff to suffer actual damages as recited herein.

WHEREFORE, Plaintiff prays this honorable Court enter judgment in her favor and against Defendant Alliance One Receivables Management, Inc., finding that it violated the

FDCPA, awarding her actual and statutory damages together with her costs, attorneys' fees, and interest as provided by law, and for such other and further relief as this Court deems just and proper in the premises.

Respectfully submitted,

/s/ Bryan E. Brody
Bryan E. Brody, Mo. Bar No. 57580
Alexander J. Cornwell, Mo. Bar No. 64793
BRODY & CORNWELL
1 N Taylor Ave
Saint Louis, MO  63108
314.932.1068 / fax: 314.228.0338
BBrody@BrodyandCornwell.com
ACornwell@BrodyandCornwell.com
*Attorneys for Plaintiff*

Electronically Filed - St Louis County - January 11, 2017 - 03:28 PM